AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**WESTERN DISTRICT OF KENTUCKY**

08 OCT -7 PM 4:00

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

**ANTHONY G. ANDERSON**
AKA JOHN ANDERSON

CASE NUMBER: 3:08 mj 260

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about July 8, 2008, until October 3, 2008, in Jefferson County, in the Western District of Kentucky, defendant knowingly attempted to use a means of interstate commerce (i.e,. internet communication), to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity in violation of Title 18, United States Code, Section 2422(b); and on or about August 7, 2008, in Jefferson County, in the Western District of Kentucky, defendant attempted to use a facility or means of interstate commerce, that is, the Internet, to knowingly transfer obscene matter to another individual who had not attained the age of 16 years, in violation of Title 18, United States Code, Section 1470; and on or about October 2 and 3, 2008, in Jefferson County, in the Western District of Kentucky, defendant attempted to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing or having reason to know that it would be transported in interstate commerce or produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e).

I further state that I am a Detective with the Louisville Metro Police Crimes Against Children Unit, and that this complaint is based on the following facts:  **SEE ATTACHED AFFIDAVIT.**

Continued on the attached sheet and made a part hereof:  ☐ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

October 7, 2008                                            at    Louisville, Kentucky_____
Date

Dave Whalin, U.S. Magistrate Judge                        _____
Name & Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT

I, Michael Arterburn, being duly sworn, state as follows:

1. I am a Detective with the Louisville Metro Police Department's Crimes Against Children Unit and have been so employed for approximately one year. I have been employed with the Louisville Metro Police Department for ten years. Among my duties is the investigation of child exploitation offenses, including crimes concerning child enticement and child pornography. I have received specialized training in this area of investigation and have been involved in numerous investigations of individuals suspected of involvement in child exploitation.

2. The statements contained in this affidavit are based on information I have learned through my own investigation, experience and background as an LMPD CACU Detective.

3. On or about July 8, 2008, an individual using a screen name "john anderson," began on-line communications with an individual representing herself to be a 14-year-old girl. The two met on a social networking site but then began communicating using Yahoo! instant messenger.[1] In fact, Affiant was performing my duties as an LMPD CACU detective in an undercover capacity posing as the 14-year-old girl. In the very first communication on July 8, 2008, Affiant portrayed himself as a 14-year-old girl.

4. "John anderson," continued the on-line communications with the 14-year-old. While communicating on "Yahoo!," "john anderson" transmitted images of his penis as well as his face on numerous occasions.

5. Affiant had no contact with "john anderson" from August 11, 2008, until September 10, 2008. "John anderson" contacted Affiant (posing as the 14-year-old girl) on September 10, 2008, at

---

[1] Copies of redacted chat texts accompany this Affidavit as Exhibit 1. The screen name of Affiant has been redacted to protect ongoing criminal investigations.

approximately 8:30 p.m. When "john anderson" asked where Affiant had been, Affiant replied "in school."

6. Affiant engaged in on-line communications with "john anderson," on September 30, 2008, October 1, 2008, October 2, 2008, and October 3, 2008. During the course of these communications, "john anderson" asked the person he believed to be a 14-year-old girl to meet in person for the purpose of engaging in sexual intercourse and oral sex. Additionally, "john anderson" offered to bring the 14-year-old a web camera and set it up in the girl's room so she could pose nude for him. During one on-line communication, "john anderson" activated his live web camera which allowed Affiant to record "john anderson" as he communicated on-line.

7. During a communication on October 2, "john anderson," and Affiant discussed an in-person meeting. During the communication, "john anderson," gave Affiant his home phone number and address. However, "john anderson," did not show up for the meeting.

8. The next day, "john anderson" contacted Affiant and advised that his car had broken down. However, "john anderson," told Affiant that he would call a cab to bring the 14-year-old to "john anderson's" residence. Initially, Affiant gave "john anderson" an incorrect address. According to "john anderson," the cab company would not take Affiant's ficticious address, so Affiant had to give an actual address within the apartment complex where the child was supposed to live. "John anderson," gave the cab company the correct address of the child and told Affiant via chat the cab would be there within an hour. "John Anderson" told Affiant which cab company he had called and their phone number, so Affiant called the cab company to verify he did, in fact, call a cab for the child. When Affiant spoke with the driver who received "john anderson's" call, the driver advised he initially was told a bad address by Anderson, and said he was currently driving to the second

address Affiant gave to Anderson. The driver said he was to bring the female passenger to 3805 Wyndham Ct #4 and said he had told Anderson it would be approximately twenty dollars.

9. Affiant traveled to the address "john anderson," had given, but could not find the matching building numbers. On a building numbered 3605 Wyndham Way, Affiant recognized a large yellow and blue blanket covering a window. Affiant had seen the same yellow and blue blanket during the web camera sessions with "john anderson."

10. Affiant knocked on the door. Anthony G. Anderson a/k/a "john anderson," answered the door. Affiant arrested Anderson and advised him of his constitutional rights.

11. During a video-recorded interview, Anderson admitted that he was the person chatting with the 14-year-old girl. He admitted sending the child photos of himself (including his face and penis). He also described the web camera he was going to give the girl to set up at her home. He reviewed the chat texts of the communications between himself and Affiant and verified that the chat texts were accurate.

12. Affiant obtained a state search warrant for Anderson's residence. Law enforcement officials seized approximately 50 CD-R's, two web cameras, and one tower computer with two loose internal hard drives.

## CONCLUSION

Based upon all of the information set forth in this affidavit, Affiant respectfully submits that there is probable cause to believe that from on or about July 8, 2008, until October 3, 2008, Anthony G. Anderson a/k/a "john anderson," while in Jefferson County, Kentucky, used a facility or means of interstate commerce, that is, a computer connected to the Internet, to communicate with an individual he believed to be a 14-year-old girl, in a text message/chat format. During the communications,

Anderson knowingly attempted to use a means of interstate commerce (*i.e.*, internet communication), to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b). Moreover, there is probable cause to believe that on or about August 7, 2008, in Jefferson County, Louisville, Kentucky, Anderson attempted to use a facility or means of interstate commerce, that is, the Internet, to knowingly transfer obscene matter to another individual who had not attained the age of 16 years, in violation of 18 U.S.C. § 1470. Finally, there is probable cause to believe that on or about October 2 and 3, 2008, in Jefferson County, Louisville, Kentucky, Anderson attempted to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing or having reason to know that it would be transported in interstate commerce or produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2251(a) and (e).

                                            Michael Arterburn, Detective
Louisville Metro Police Department
Crimes Against Children Unit

Subscribed to and sworn to before me this 7th day of October, 2008.

                                            DAVE WHALIN
UNITED STATES MAGISTRATE JUDGE